UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X
AVION GORDON,

                      Plaintiff,

                                      COMPLAINT

—Against—                     *JURY TRIAL*
                                            *DEMANDED*


COUNTY OF SUFFOLK;
COUNTY OF SUFFOLK POLICE DEPARTMENT;
and JOSEPH DIGREGORIO, *individually*,
                                Defendant (s)
──────────────────────────────────────X

Plaintiff, AVION GORDON.by his attorneys, Law Offices of Ambrose Wotorson, for his Complaint, alleges as follows:

## I.    INTRODUCTION

1. Plaintiff, AVION GORDON, was arrested and jailed on or about March 27, 2018 and subsequently prosecuted for Sex Trafficking, Promoting Prostitution, Criminal Sale of Controlled Substances and Conspiracy.

2. On or about February 11, 2019, the aforementioned prosecution terminated in Plaintiff's favor as defendants did not have probable cause to arrest Plaintiff in the first place, nor or did they have any basis to maintain a criminal prosecution against Plaintiff.

3. Plaintiff therefore contends that defendants, acting under color of state law, and pursuant to the practices, policies and customs of the County of Suffolk

1

and its Police Department, falsely arrested him without probable cause, maliciously prosecuted him, stigmatized him and secured an indictment against him for Sex Trafficking, Promoting Prostitution, Criminal Sale of Controlled Substance and Conspiracy, by means of fraud and "evidence" that was in reckless disregard for the truth.

## II. JURISDICTION

4. This Court has jurisdiction over this matter under under 42 U.S.C. Section 1983. Venue is proper because the acts complained of occurred in this Judicial District.

## III. PARTIES

5. Plaintiff, Avion Gordon, at all relevant times, was a resident of Suffolk County, New York, when, on or about March 27, 2018, he was falsely arrested and jailed, without probable cause, and was subsequently prosecuted for Sex Trafficking, Promoting Prostitution, Criminal Sale of Controlled Substance and Conspiracy, after an indictment was procured in reckless disregard for the truth.

6. Defendant(s), County of Suffolk and County of Suffolk Police Department, were, at all relevant times, were state actors acting pursuant to its own practices, policies and customs in falsely arresting and jailing Plaintiff without probable cause and maintaining a baseless prosecution against

Plaintiff for Sex Trafficking, Promoting Prostitution, Criminal Sale of Controlled Substances and Conspiracy, after an indictment was procured in reckless disregard for the truth.

7. Defendant, JOSEPH DIGREGORIO, a Detective, was, at all relevant times, employed with defendants County of Suffolk and Suffolk County Police Department.

8. Defendants participated in and/or caused the false arrest and jailing of Plaintiff on or about March 27, 2018, and were acting under color of state law and pursuant to the practices, policies and customs of the County of Suffolk and the Suffolk County Police Department when they did so. Defendants also caused Plaintiff to be maliciously prosecuted for Sex Trafficking, Promoting Prostitution, Criminal Sale of a Controlled Substance and Conspiracy after securing an indictment against Plaintiff by means of fraud and in reckless disregard for the truth.

## IV. FACTUAL AVERMENTS

9. Plaintiff re-alleges paragraphs 1- 8 as fully-stated above.

10. On or about March 27, 2018, Plaintiff was arrested by defendants in Suffolk County, New York.

11. Plaintiff was not engaged in any activity at the time that would have reasonably raised any suspicion that Plaintiff was engaged in Sex

Trafficking, Promoting Prostitution, Criminal Sale of Controlled Substances or Conspiracy.

12. Further, Plaintiff was not in possession any narcotic or controlled substances at the time of his arrest, nor was he ever observed by any of the defendants to be engaged in acts of Sex Trafficking or Promotion of Prostitution, or to be in possession of any narcotic of controlled substances during defendants' investigation into Plaintiff's alleged crimes.

13. However, defendants in reckless disregard for the truth, recorded in police documentation, that Plaintiff was observed inside of a Suffolk County hotel in the company of one or more sex traffickers, and conspiring with them to engage in Sex Trafficking, Promotion of Prostitution and the Sale of Controlled Substances.

14. Defendants, in reckless disregard for the truth, recorded in police documentation, that Plaintiff had conspired with one or more sex traffickers to promote prostitution inside of the hotel.

15. Defendants, in reckless disregard for the truth, recorded in police documentation, that one or more prostitutes advised them and/or gave sworn statements to the effect that they were victims of sex trafficking by Plaintiff and that they were "working for" Plaintiff as prostitutes.

16. Defendants, in reckless disregard for the truth, recorded in police documentation that one or more prostitutes positively identified Plaintiff during one or more line up procedures, including, but not limited to, photo arrays.

17. Yet, defendants knew, or reasonably should have known, that the aforementioned "evidence" developed against Plaintiff was false, and/or was assembled in reckless disregard for the truth.

18. Indeed, two of three alleged sex trafficking victims had prior histories of prostitution prior to their ever meeting and interacting with Plaintiff for brief periods of time in 2016.

19. All of three of the alleged victims had prior histories of drug addiction prior to their ever meeting and interacting with Plaintiff for brief periods of time.

20. As well, none of the victims ever stated or even suggested that Plaintiff had forced them to engage in prostitution.

21. All three alleged victims of sex trafficking arranged Commerical trysts on their own, before and/or after Plaintiff's interactions with them.

22. All three victims continued to prostitute themselves for narcotic substances after Plaintiff ended any interactions with them

23. However, defendants through suggestive questioning, and promises of social services, recorded that the three alleged victims identified Plaintiff as their Pimp and sex trafficker.

24. On or about April 10, 2018, one or more prostitutes, and Detective DiGregorio, testified before a Suffolk Count Grand Jury and presented "evidence" in reckless disregard for the truth, to the effect that Plaintiff was their "pimp" and "sex trafficker." Plaintiff was neither.

25. Defendants were aware that Plaintiff was neither a "pimp," nor a "sex trafficker," when they arrested him and maliciously maintained a criminal prosecution against him.

26. Upon information and belief, defendant DiGregorio testified, in reckless disregard for the truth, before a Suffolk County Grand Jury, that he personally observed Plaintiff in the company of one or more sex traffickers in a Suffolk County hotel conspiring with sex traffickers to engage in Sex Trafficking and Promotion of Prostitution.

27. Yet, at least two of the three alleged victims offered that they had not had any contact or communication with Plaintiff for at least 12 or more months prior to Detective DiGregorio's alleged observation.

28. In fact, defendant DiGregorio's testimony before the Grand Jury to the effect that he observed Plaintiff in the company of the sex traffickers for the

purpose of sex trafficking and promoting prostitution, was false in all material respects.

29. Indeed, a videotape, in the prosecution's possession, showed that Plaintiff had no interactions with the other alleged sex traffickers whatsoever.

30. Defendants, in a rush to secure sex trafficking headlines, falsely arrested and jailed Plaintiff, and thereafter, held a press conference in order to tag Plaintiff as s sex trafficker.

31. Not surprisingly, on or about February 11, 2019, the prosecutions's case against Plaintiff unraveled, and the case was terminated in Plaintiff's favor, but not before the defendants had already held a public press conference in the Spring of 2018, and had falsely alleged to the print, digital and television media, that Plaintiff was a sex trafficker.

32. Plaintiff's reputation is now irreparably damaged as an alleged sex trafficker.

33. Moreover, defendants are not entitled to qualified immunity, as Plaintiff's right to be free of false of arrest, of false imprisonment, of malicious prosecution and of stigmatizing government actions, all without probable cause, and to be free of indictments secured in reckless disregard for the truth, are all clearly established.

34. Here, defendants County of Suffolk and Suffolk County Police Department, have a practice, policy and custom of elevating the statements and claims of prostitutes over those of "dates" or other third parties, and of ignoring the true nature of the relationships between prostitutes, "dates" and other third parties. Instead, defendants have a practice, policy and custom of entering into cooperation arrangements with prostitutes, which allow prostitutes to avoid heightened criminal prosecutions and to receive social services, if they identify their alleged pimps and/or sex traffickers.

35. This policy has the effect of all too often encouraging prostitutes to give false evidence and to make utterly false accusations against others, claiming that others are their "pimps" or "sex traffickers", in order to avoid heightened criminal prosecutions and/or to receive social services.

36. Defendants are aware that this practice, policy and custom often recklessly ensnares non-pimps and non-sex traffickers in sex trafficking prosecutions.

37. Yet, defendants have been deliberately indifferent to this problem, and have not taken any remedial actions, such as retraining or substantive policy changes, to correct it.

38. Finally, the actions of Joseph DiGregorio were done in reckless disregard to Plaintiff's rights, entitling Plaintiff to punitive damages as against Joseph DiGregorio, individually.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – FALSE ARREST

39. Plaintiff re-alleges paragraphs 1 – 38 as fully-stated above.

40. By arresting Plaintiff, without probable cause, on or about March 27, 2018, all defendants acting under color of state law and pursuant to the practices, polices and customs of the County of Suffolk and the Suffolk County Police Department, violated the 4th, 5th and 14th Amendments of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

### SECOND CAUSE OF ACTION – FALSE IMPRISONMENT

41. Plaintiff re-alleges paragraphs 1 – 40 as fully-stated above.

42. By arresting and jailing Plaintiff, on March 27, 2018, without probable cause, all defendants acting under color of state law and the practices, polices and customs of County of Suffolk and the Suffolk County Police Department violated the 4th Amendment of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

### THIRD CAUSE OF ACTION – MALICIOUS PROSECUTION

43. Plaintiff re-alleges paragraphs 1 - 42 as fully-stated above.

44. By maliciously prosecuting Plaintiff, after securing an indictment through fraud and in reckless disregard for the truth, defendants, all acting under color of state law, and pursuant to the practices, polices and customs of

County of Suffolk and the Suffolk County Police Department, all in violation of the 4th, 5th and 14th Amendments of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

### FOURTH CAUSE OF ACTION – STIGMA PLUS

45. Plaintiff re-alleges paragraphs 1 – 44 as fully-stated above.

46. By holding one or more press conferences, and falsely accusing Plaintiff of being a sex trafficker, and thereby subjecting Plaintiff to opprobrium and public censure, coupled with a high profile prosecution and false imprisonments based on the self-same sex trafficking charges, Defendants all acting under color of state law and pursuant to the practices polices and customs of County of Suffolk and the Suffolk County Police Department violated the 5th and 14th Amendments of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

### FIFTH CAUSE OF ACTION – MALICIOUS ABUSE OF PROCESS

47. Plaintiff re-alleges paragraphs 1 – 45 as fully-stated above.

48. Defendants knew, or reasonably should have known, that Plaintiff was not involved in sex trafficking or promoting prostitution, and that he had not conspired with any of the alleged sex traffickers, since he did not know them. Instead, defendants prosecuted Plaintiff – maliciously – as "a low hanging fruit" in order to encourage him to give false testimony against a

sex trafficking gang that he had no connection to and was unaware of. This was an illegitimate collateral objective. Moreover, evidence of defendants malice and recklessness includes, but is not limited to: defendants offering evidence and testimony in reckless disregard for the truth, publicly and before a Suffolk County Grand Jury; seizing Plaintiff's property and refusing to return it despite termination of the prosecution against him in his favor; and encouraging prostitutes to give utterly false testimony against him. Thus, all defendants violated the 4th and 14th Amendments the United States Constitution as made actionable by 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff prays that this Court grant judgment to him/her containing the following relief:

 a. An impaneled jury;

 b. An award of damages for humiliation, mental pain and suffering associated with Plaintiff's false arrest, false imprisonments, malicious prosecution and stigmatization.

 c. The costs of this action and Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

 d. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
 June 10, 2019

 Respectfully Submitted
 ***Ambrose W. Wotorson, Jr., Esq.***

Law Offices of Ambrose Wotorson
225 Broadway, 41st Floor
New York, New York 10007
646-242-3227
Loaww1650@aol.com